## PARDEE *against* PLATT.

Where a justice of the peace, on a complaint to him for a violation of the statute of 1846, regulating the sale of wines and spiritous liquors, by keeping a store or shop for the purpose of selling wine or spiritous liquor, to be drunk thereat, the defendant not being a taverner, after finding probable cause, ordered the defendant to become bound in a recognizance for his appearance before the next county court, to answer such complaint; and the defendant became bound accordingly; it was held, 1. that the justice of peace had no power to make such order ; 2. that the statute of 1848, defining the jurisdiction of courts in criminal cases, did not take away from justices the power to impose a greater fine than seven dollars; 3. that the recognizance so given was invalid, and an action founded thereon, could not be sustained.

THIS was an action of debt on a bond of recognizance, brought by *Stephen D. Pardee,* as treasurer of the county of *New-Haven,* against *Zenas M. Platt,* demanding 150 dollars.

The recognizance was taken by *Henry Whitney* Esq., a justice of the peace for *New-Haven* county, on a complaint exhibited to him, by a grand-juror, alleging, that said *Platt,* at *Derby,* on the 1st day of *July,* 1848, and on divers other

days between that day and the 28th day of *October*, 1848, not being a taverner, kept a certain store or shop, for the purpose of selling wine or spiritous liquors, to be drunk thereat, against the peace, of evil example and contrary to the statute in such case made and provided. *Platt* was arrested and brought before Justice *Whitney*; who, having enquired into the matters alleged in such complaint, was of the opinion that there was probable grounds for supporting it, and thereupon ordered, that he become bound in a recognizance of 100 dollars, with surety, to the treasurer of the county of *New-Haven*, that he appear before the county court of that county, on the fourth *Tuesday* of *November*, 1848, to answer said complaint and abide the decision of the court thereon. This order was complied with. At said court, the attorney for the state in that county filed an information, charging, in several counts, the same offence as that set forth in the grand-juror's complaint; but *Platt* and his surety made default of appearance, and thereby became liable to pay the amount of the recognizance.

The defendant demurred to the declaration; and the court reserved the case for the advice of this court.

*Ingersoll*, in support of the demurrer, contended, 1. That the justice before whom the defendant was prosecuted, had no authority to take the recognizance for his appearance before the county court, on finding probable cause. The act on which the prosecution is founded, provides, that the case should be " heard and adjudged" by the justice. The county court could have nothing to do with it, except by appeal from the judgment of the justice. See sect. 5. of the act regulating the sales of wines and spiritous liquors, passed in 1846, p. 47. of the session statutes of that year; and sect. 15. p. 600., of the *Revised Statutes*, 1849. See also *Barnes* v. *The State*, 19 *Conn. R.* 404. where the court say, " the general limitation to seven dollars in criminal cases, is not the rule in this instance."

2. That the act of 1848, defining the jurisdiction of courts in criminal cases, so far as it relates to justices of the peace, (see the acts of 1848, p. 25. of the session of that year,) was but cumulative to the old law, (sect. 122. p. 171. of the edition of 1838,) and did not, by implication, modify the

*New-Haven,*
*July, 1850.*

Pardee
*v*
Platt.

*New-Haven,*
*July, 1850.*

*Pardee*
*v.*
*Platt.*

then existing acts giving jurisdiction specially to justices, in certain cases, beyond seven dollars fine.

The revision of 1849, passed at the session of 1848, reënacts, in terms, the act of 1846, which gave the justices, in cases of selling liquors unlawfully, the extended jurisdiction beyond seven dollars; and it would be absurd to suppose. that the same legislature (1848) intended, at the same time, to restrict it; especially, when the restriction contended for could only operate from the rising of the assembly, 28th *June,* 1848, to the 1st *January,* 1849. Such an intent will never be *implied.* " Nor hath a later act of parliament ever been construed to repeal a prior act, unless there be a contrariety or repugnancy in them, or, *at least, some notice taken of the former act, so as to indicate an intention in the law given to repeal it.*" *Dwarris on Statutes,* top p. 31. side p. 675. of *Law Library.* " Thus it is generally to be taken, that the legislature only meant to modify or repeal the provision of any former statute, in those cases where such object is *expressly declared.*" *Dwarris,* top p. 56. side p. 717. See also p. 62. (top) 726. (side) 80. (top) 756. side. *Davies* v. *Fairbairn,* 3 *Howard,* 636. and cases cited. *Wood* v. *United States,* 16 *Peters,* 362. *Williams* v. *Potter,* 2 *Barbour,* 320. *Bowen* v. *Lease,* 5 *Hill,* 226.

The doctrine contended for by the state, would not only oust the justices of their jurisdiction in this case, but of all other cases where the fine might be over seven dollars, or the imprisonment over thirty days. Thus, by the act concerning work-houses, sect. 7. p. 657. of the edition of 1838, a large class of offenders might be sentenced to imprisonment, by justices, for forty days, for the first offence, and eighty, for the second. The act of 1841, p. 228. sect. 8. of the laws of that year, and the act of 1845, p. 31. sect. 1. of the laws of that year, empower the justices to commit such offenders either to the county jail or the work-house; and the consequence of the construction now contended for, by the other side, would render all those commitments invalid, and the justices liable in damages to the parties injured. The same may be said of the act of 1844, p. 42. of the acts of that session, which imposes a fine of *seventeen* dollars, in certain cases, and gives jurisdiction to the justices.

New-Haven,
July, 1850.
_____
Pardee
v.
Platt.

Further, the revision of the crimes act of 1830, (by Judge *Bristol* and C. J. *Church*,) sect 123. p. 278. has much the same limitation in it, as the act of 1848, now relied on by the state. But did any one ever suppose, or has the construction been practically, that this limitation ousted the jurisdiction under other acts then in force, where the punishment might be different, or exceed in amount the limitation referred to? Did it repeal, by implication, their power to send to the work-house for forty or eighty days? See edition of 1821, p. 482. sect. 8. Did it take from justices their jurisdiction under the 7th section of the old tavern act, (p. 444. revision of 1821) which authorized them to fine ten dollars, and twenty dollars?

3. That the recognizance is not binding, if the justice had no authority to take it. The case of *Waldo* v. *Spencer*, 4 *Conn. R.* 71. may be cited *contra*. But in that case, the binding was to the right court. The statute required the justice to take bond for the prisoner's appearance at that court; and although the condition added what had usually been added, but which was superfluous, yet the court held, that the superfluous part of the condition would not vitiate the part that was good. It was the same in *County Treasurer* v. *Burr*, 1 *Root*, 392. and in the *Massachusetts* cases relied on in *Waldo* v. *Spencer*. Here however there is no part good. And in *Darling* v. *Hubbel*, 9 *Conn. R.* 353. this court say, " If this case was a case over which the county court had jurisdiction, the bond was properly taken to the county treasurer; if they had no jurisdiction, it is equally clear that the bond was improperly taken." And again, " Now if no such bond could be required, it would seem as if the requisition must be illegal; and therefore, *the bond so exacted, must also be illegal*." See *Purple* v. *Purple*, 5 *Pick*. 226. *Billings* v. *Avery*, 7 *Conn. R.* 236. *Commonwealth* v. *Leveridge*, 11 *Mass. R.* 337. *Vose* v. *Dean*, 7 *Mass. R.* 280. *Dow* v. *Prescott*, 12 *Mass. R.* 419. *Commonwealth* v. *Otis*, 16 *Mass. R.* 198. *Harrington* v. *Brown*, 7 *Pick*. 232.

*C. A. Ingersoll*, (state's attorney,) contra, contended, 1. That the act of 1846 (see statutes of that year, p. 45, 47.) did not take from the county court, or give to a justice of the peace, jurisdiction of the offence charged in the grand-juror's

complaint. Did the power to finally try, take from him the power to bind over?

2. That if the act of 1846 gave exclusive jurisdiction to a justice, the act of 1848 (see statutes of that year, p. 25. & seq.) took all power from a justice, to finally try for an offence the penalty of which was over seven dollars.

3. That a justice, after the act of 1848, had no power to finally try, until the revision of 1849 went into effect; which was on the 1st of *January* of that year. All the laws of the revision were then of binding force. One does not repeal the other. They were all passed, or reënacted, at one and the same time, to take effect on the 1st day of *January*, 1849. By the laws of that revision, jurisdiction is given to a justice in some cases where the penalty is over seven dollars. The case of *Barnes* v. *The State*, 19 *Conn. R.* 398. was for an offence committed, and the prosecution was commenced, subsequently to the revision of 1849.

HINMAN, J. The defendant was brought before Justice *Whitney*, on a grand-juror's complaint, charging him with having kept a store or shop, for the purpose of selling wine, or spiritous liquors, to be drunk thereat, he not being a taverner; and the justice, finding probable cause in support of the charge, and supposing that he had not jurisdiction to impose the fine prescribed by statute for the offence, ordered, that he become bound in a recognizance of 100 dollars for his appearance before the county court, then next to be holden in the county. The recognizance in suit was entered into, pursuant to this order; and the defendant having neglected to appear at the county court, the question is, whether he is liable for such neglect.

The proceedings were all regular in point of form. The question therefore, is, whether the justice had authority to bind the defendant to appear before the county court, in the first instance; or, whether it was not his duty, to hear and determine the cause, subject to the defendant's right to appeal, if not satisfied with the decision of the justice.

It is claimed, that the statute, under which the procceding was instituted (acts of 1846, p. 45. 47.) does not give jurisdiction exclusively to justices of the peace; but that it is

discretionary with them, either to impose the fine prescribed, *New-Haven*, July, 1850. or, to bind the delinquent to the county court.

Pardee *v.* Platt.

We do not so construe the statute. By the 5th section, it is provided, " that all informations or presentments for offences against any of the provisions of this act, whether made and preferred by an informing officer, or by any other person, may be heard and adjudged by a justice of the peace ; but the accused may appeal from the judgment of such justice to the county court." Here jurisdiction is clearly given to justices of the peace ; and in the general statute, regarding the jurisdiction of the county court, in criminal cases, it is provided, that that court shall have jurisdiction only of all offences and crimes appealable from justices of the peace, and not given to the sole jurisdiction of the superior court or justices of the peace.

The provision is the same, in regard to the exclusive jurisdiction of justices, in the revision of 1849. It is, that the county court shall have *sole* jurisdiction of all appeals from justices, and of all offences whereof the punishment does not exceed a fine of 200 dollars, and imprisonment in a common jail, or county work-house, not exceeding six months, " except of such offences as are given to the sole jurisdiction of justices of the peace." *Rev. Stat.* 254. § 149.

These statutes, taken together, we think, necessarily exclude the county court from any original jurisdiction in cases of this sort. It is true, that the act giving jurisdiction of cases arising under it to justices of the peace, does not, in express terms, say, they shall have *sole* jurisdiction. Nor does the general statute, authorizing them, in criminal cases, to impose a fine of seven dollars. It merely provides, that they shall have cognizance of all offences punishable by fine not exceeding seven dollars. This has always been understood to give justices exclusive jurisdiction to the extent of imposing a fine of that amount. And we think the same language in the statute of 1846, should receive a similar construction.

Again, it is claimed, that the act of 1848, (p. 25. of acts of that year,) took away from justices the power to impose a fine to any greater extent than seven dollars ; and thus, by implication, the fine in this case being fixed at ten dollars, conferred jurisdiction upon the county court. It is appar-

*New-Haven,*
*July, 1850.*

Pardee
*v.*
Platt.

ent, that this was not the intention of the legislature. The revised statutes of that year went into operation on the 1st of *January,* 1849 ; and in them, the act of 1846, with its extended jurisdiction to justices, was reënacted.  It cannot be supposed, that it was intended to exclude justices from the trial of cases under that act, for the limited period, between the rising of the assembly, in *June,* 1848, and the 1st of *January,* 1849.  No reason existed for such exclusion ; and its effect would have been, to deprive justices of the power of committing vagrants to the work-house, for the period of forty days, as well as to take from them the power of imposing fines in prosecutions relative to the sale of spiritous liquors.  This can hardly be supposed, without doing great injustice to the legislature.

But the act of 1848 is only a reënactment of the general limitation of justices' jurisdiction in criminal cases : no new provision was intended by it.  It is the same provision as was contained in the revision of 1821, and in the edition of 1838 ; and has, in substance, existed for a long time.  Whether it was necessary for any purpose, to reënact it, is of no importance.  It has never been supposed, that the reënactment of this general provision, as has been done, from time to time, whenever there has been a revision of the statutes, had any effect to deprive justices of their enlarged jurisdiction, in those specified cases where this general provision has been modified.

We are satisfied, for these reasons, that the recognizance is invalid, and the declaration founded on it, consequently insufficient : and so we advise the superior court.

In this opinion the other Judges concurred.

Demurrer sustained.